IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:06-CR-428-07 |
| Plaintiff, | : | |
| v. | : | (Judge Jones) |
| MATTHEW SNYDER, | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

February 13, 2007

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is Defendant Matthew Snyder's ("Defendant" or "Snyder") Motion for Review and Revocation of Detention Order Pursuant to 18 U.S.C. § 3145(b) ("the Motion") (doc. 71) filed on January 11, 2007.

For the following reasons, the Motion (doc. 71) will be denied.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND:

The Defendant was charged by Indictment with one count of Conspiracy to Distribute Controlled Substances to wit: at least 5 kilograms of cocaine, at least 1 kilogram of heroin, and at least 100 kilograms of marihuana, in violation of 21 U.S.C. § 846. Due to the large quantity of controlled substances charged in the

1

offense, the Defendant faces a maximum term of incarceration of life and accordingly, the rebuttable presumption in favor of detention set forth in 18 U.S.C. §3142(e) applies.

The Defendant was arrested on December 14, 2006 after voluntarily surrendering to the police. A prior search of the Defendant's residence was conducted on December 9, 2006. The search uncovered 11 ounces of cocaine as well as a handgun stored by the Defendant at the residence he shared with his fiancée and 2 small children.

On December 18, 2006, the Defendant appeared before Magistrate Judge William H. Askey for an initial appearance. At that time, the Government requested that the Defendant be detained pending trial. To that end, Magistrate Judge Askey entered an order of detention. On January 11, 2007, the Defendant filed the instant Motion requesting *de novo* review of the Magistrate Judge's order of detention. A hearing was held before this Court on January 23, 2007. The parties submitted post-hearing submissions on February 2, 2007 and February 9, 2007. This matter is therefore ripe for our review.

**STANDARD OF REVIEW:**

18 U.S.C. §3142(e) reads, in pertinent part:

If, after a hearing . . . the judicial officer finds that no condition or

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial . . .Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

When considering whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community, the judicial officer shall take into account a variety of factors, including:

(1) the nature and circumstances of the offense charged . . .

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person; . . .

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

**DISCUSSION**:

At the hearing, defense counsel argued that pursuant to a combination of pre-trial release conditions, the Defendant would be neither a flight risk

nor a danger to the community. Testimony was presented by the Defendant's parents that they would assume a supervisory role over the Defendant if he were released. The Defendant's father testified that the Defendant would continue to have his job working as a foreman for the Defendant's father's company. The Defendant's fiancée testified that Snyder is the sole financial supporter of their family.

The Government submits that despite daily contact with his parents and fiancée, the evidence against Snyder indicates that not only was he able to conceal drugs and a handgun inside his home without their knowledge, he also was a user of drugs, unbeknownst to them. The Government argues that despite their good intentions, the Defendant's parents and fiancée cannot adequately supervise Snyder, inasmuch as he was able to conceal a course of illicit conduct from them in the past. In support of its argument, the Government attaches a synopsis of intercepted telephone conversations between Snyder and his co-conspirators that tend to implicate the Defendant in illegal conduct. (Rec. Doc. 98, Ex. 1).

It is evident to the Court that the conspiracy of which the Defendant is charged as being a member allegedly trafficked in a substantial quantity of narcotics over an extended period of time. Eleven ounces of cocaine and

a handgun were found inside the Defendant's residence when it was searched. Such a quantity does not lend itself to personal use, but tends to show that the Defendant was involved in he narcotics trade. The Defendant takes issue with the Government's interpretation of the intercepted calls, and argues that they are not conclusive of the Defendant's participation in the conspiracy. While we find the summary of the phone calls to be helpful in the aggregate, what we are most troubled by is the presence of drugs and guns inside the Defendant's residence, where his fiancée and small children reside, and not the particular transactions discussed in the phone calls.

As this Court has repeatedly noted, the combination of drugs and guns is highly dangerous, and is a set of circumstances which this Court does not take lightly. While we understand that the Defendant's parents and fiancée truly believe that they can keep a close enough eye upon Snyder to ensure his conformity with pre-trial supervision, we are not so convinced that a Defendant who warehoused quantity of cocaine in his home, protected by a weapon, will cease illegal conduct altogether if released. Therefore, we find that the Defendant has not rebutted the presumption contained in 18 U.S.C. § 3142(e) and shall order his continued detention pending trial.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Defendant's Motion for Review and Revocation of Detention Order (doc. 71) is DENIED.

2. The Defendant shall remained DETAINED pending trial.

                                                          /s/ John E. Jones III
                                                          John E. Jones III
                                                          United States District Judge